HARDY, Judge.
This is an action for compensation, and plaintiff appeals from judgment in favor of defendant rejecting his demands.
The basis of plaintiff’s claim, as specified in his petition, is that at the time of the accident he was employed by the defendant, Mansfield Hardwood Lumber Company, operating a log truck, and that the accident and resulting disability occurred while he “was in the course and scope of his employment by Mansfield Hardwood Lumber Company.”
There is no dispute as to the occurrence of the accident and the nature and extent of plaintiff’s disability. The sole issue tendered by this appeal is purely factual and relates to a determination of the question as to plaintiff’s employment by the defendant.
Plaintiff contends that he was directly ■employed by one Dora Van Vickhoven, commonly known as Dora Vaco, who, in turn, was employed by the defendant, Mansfield Hardwood Lumber Company, as a woods foreman, whose principal duties involved the negotiation and supervision of the cutting of ties an pulpwood from various tracts of timber land owned by defendant.
It is established that plaintiff employed three men in the course of his tie cutting operations, one in the capacity of a loader and two as tie cutters. Plaintiff owned, drove and loaded his own truck. Plaintiff made arrangements for the cutting and hauling of ties with Vaco; the ties were hauled to the Walker sawmill, which made payments to plaintiff of fifty-five cents per tie and to Vaco of twenty cents per tie; out of the amount received by plaintiff he paid his employees and retained the balance; out of the amount paid by the Walker mill to Vaco the latter remitted fifteen cents per tie to the defendant, Mansfield Hardwood Lumber Company, as stumpage, and retained five cents, which represented his profit on the transaction.
The evidence on behalf of plaintiff in support of his contention that Vaco was an employee of defendant is woefully lacking in any degree of probative value. Plaintiff’s own testimony is convincing as to the conclusion that his assumption of an employment of Vaco by the defendant was based entirely upon unsupported inferences. On the contrary, it is clear that at the time of the occurrence of the accident, and for some years prior thereto, Vaco was not, and had not been, employed by the defendant. There is absolutely no showing that Vaco had any relationship with the defendant except that of the purchaser of tie timber on lands owned by the defendant. This conclusion is established not only by the testimony of Vaco but by that of the witness, W. W. Holmes, who was the resident agent and woods boss of defendant, Mansfield Hardwood Lumber Company, exercising complete control and supervision over defendant’s timber lands located in Sabine Parish. The testimony of these witnesses further serves to establish the real relationship between defendant and Vaco which was that of seller and purchaser of tie timber. As opposed to this relationship it is urged on behalf of plaintiff that the purported sale of tie timber on the tract of land which is involved in this case was an oral contract which, in reality, did not conform to the codal requirements for a valid sale. In support of this argument it is asserted that the contract was subject to termination at the will of either party and that the defendant retained complete control and supervision over the activities of Vaco with relation to the cutting and disposition of the timber. Under the evidence reflected by the record these conclusions are absolutely untenable. The evidence fails to establish any element of understanding or conduct by the parties which would detract from the validity of their agreement of sale and purchase.
*169 In our opinion the following facts were incontrovertibly established:
That Vaco was not an employee of defendant, Mansfield Hardwood Lumber Company; that the defendant, by verbal agreement, had sold Vaco the tie timber and pulpwood on the tract of land on which plaintiff was working at the time of his accident; that the timber sold consisted of all trees marked by defendant for identification with a blue cross and all tops of cut timber on the ground susceptible of producing cross-ties; that plaintiff delivered the tie logs to the Walker sawmill, though he was free to deal with and sell to any other sawyer; that Walker paid plaintiff a specified amount per tie and withheld and paid Vaco an additional amount; that Vaco paid the consideration for his purchase of the tie timber to defendant upon the basis of fifteen cents per tie cut and delivered to the mill.
Under the above facts there is no possible basis for a conclusion that Vaco had any relationship with the defendant except that of purchaser of timber.
Thorough consideration has been given to numerous contentions made by counsel for plaintiff in argument and brief, but it must be observed that all of these contentions must depend for acceptance upon the premise that the relationship between defendant and Vaco was that of employer and employee. In view of our conclusion, that the facts not only failed to justify the acceptance of this relationship but in every respect controvert its validity, all of these arguments must fail.
Even if it should be considered that plaintiff was an independent contractor engaged in the performance of manual labor, the record, nevertheless, fails to establish any relationship, directly or indirectly, between plaintiff and defendant.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost,